IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**OMAR KHAYYAM HUMPHREY**                                      **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:19-CV-362-HSO-JCG**

**PELICIA HALL, et al.**                                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT are the following motions: a Motion to Dismiss for Failure to State a Claim (ECF No. 31) and a Memorandum in Support (ECF No. 32) filed by Defendants Ronald Woodall, Parveen Kumar, and Marquest Lindsey and a Motion for Class Certification (ECF No. 35) and a Petition for Injunctive Relief (ECF No. 36) filed by Plaintiff Omar Khayyam Humphrey. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that the Motion to Dismiss (ECF No. 31) be granted, the Motion for Class Certification (ECF No 35) be denied, and the Petition for Injunctive Relief be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Omar Khayyam Humphrey, who is proceeding *pro se* and *in forma pauperis*, filed suit on July 2, 2019, while housed at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. He sought to file suit as a class action with eleven other Plaintiffs, but none of the other alleged plaintiffs signed the Complaint and the Court has not certified a class. Humphrey originally named Pelicia Hall, Joe Errington, Joshua Csaszar, Regina Reed, Penny Bufkin,

James Cooksey, Joseph Cooley, Sheneice Harfield-Evans, Roylandia McBride, Andrew Mills, Adrian Keys, and Richard Pennington as Defendants.

He alleges these Defendants have failed to provide safe conditions of confinement and have failed to protect the inmates at SMCI from harm. Specifically, he argues that Defendants failed to comply with the Mississippi Department of Corrections' (MDOC) policies and procedures, particularly ones concerning staffing and "security threat group members." Because of the lack of staffing and the staff's inadequate training, Humphrey contends that the prisoners are not supervised and the inmates affiliated with gangs are "assaulting, extorting, kidnapping, etc. the non gang inmates," as SMCI has a policy of housing non-gang members between rival gangs. He also contends that contraband, including cellphones, shanks, and drugs "are rife and the gangs have monopolized such contraband." Other issues include fleeing non-gang inmates being "dragged" back to gang buildings, an inadequate grievance procedure, officers joining the gangs or utilizing the gangs to carry out tasks, and inadequate food service. He states that he cannot sleep and suffers from anxiety as a result of the unsafe conditions. Although he has not been assaulted, he alleges that other inmates he seeks to join as class members have been assaulted by the gangs in SMCI. He seeks federal monitors for SMCI, one million dollars for each member of the potential class, and injunctive relief.

On July 19. 2019, Humphrey filed a Motion to Amend and Supplement (ECF No. 8), seeking to add Ronald Woodall, Parveen Kumar, and Marquest Lindsey

(Medical Defendants) as Defendants. The Court granted his Motion on August 6, 2019 (ECF No. 14). He alleges that there is no adequate mental health treatment at SMCI. Although Kumar prescribed Humphrey medications, he contends they were "counter-productive because they were making [him] drowsy and inattentive in this 'hostile environment.'" Humphrey eventually asked to discontinue the medication, instead seeking counseling from the Medical Defendants. He contends he has not received any counseling, though he states Lindsey told him he would be called to medical. He also alleges Woodall wrongly denied his grievance saying treatment was provided when Humphrey had not received counseling.

On October 22, 2019, the Medical Defendants filed a Motion to Dismiss for Failure to State a Claim (ECF No. 31) and a Memorandum in Support (ECF No. 32). They argue that Humphrey has failed to state a claim that they acted with deliberate indifference to his medical needs, as he admits to receiving some treatment, even though he was ultimately unsatisfied with it. Humphrey's response (ECF No. 33) reiterates the allegations of his earlier pleadings. He again states that he was prescribed medications but requested they be discontinued, seeking mental health counseling instead.

On January 31, 2020, Humphrey filed his Motion for Class Certification (ECF No. 35) and his Petition for Injunctive Relief (ECF No. 36). Humphrey seeks to bring an action with twelve class members, including himself. He contends that the housing classification system places these non-gang members with rival gangs, thus they are subjected to a greater risk of prisoner-on-prisoner violence that is

3

exacerbated by the staffing issues. He contends he has been threatened by the gangs and witnesses the assaults and extortion the other non-gang inmates suffer. Mario Rucker has been threatened, his belongings searched by gang inmates, and has been prescribed medication because of the conditions of confinement. Akeem Rasheed has also been threatened. Kendall Martin has been forced to follow gang rules and threatened. James Wash has been assaulted, extorted, and kidnapped, and the gangs use his spice addiction to control him. Roy Ransom has been assaulted because he is a member of the "LGBT" community and has a spice addiction, and he has been forced to hold gang contraband. Larry Lewis was assaulted. Tommy McCrory was assaulted for breaching gang security. David Gray has been assaulted for being part of the "LGBT" community, with a captain allegedly ordering one assault. Jerome Austin was assaulted because SMCI K-9 officers searched the building after he made a three-way phone call. Irvin Clark was assaulted and threatened. Fredrick Bliss has been threatened. Humphrey contends that the Defendants have violated the class's right to be free from cruel and unusual punishment by failing to protect the members from gang violence, thus forcing them to live in terror.

      Humphrey's Petition for Injunctive Relief (ECF No. 36) focuses on his move to a different housing unit that placed him between two rival gangs, and he asks for an evidentiary hearing. Humphrey seeks an order requiring (1) Defendants to bring him to the hearing, (2) some of the Defendants be subpoenaed, (3) two witnesses be subpoenaed, and (4) his prison files be subpoenaed. After the hearing, Humphrey

asks that he be moved out of his present unit to a different area of SMCI or another prison, or alternatively, that he be locked down in a one-man cell.

## II. DISCUSSION

**A. Motion to Certify Class**

The undersigned finds that it is necessary to address Humphrey's Motion to Certify Class (ECF No. 35) first. Under Rule 23 of the Federal Rules of Civil Procedure, a class member may sue as a representative on behalf of a class only when

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to meeting each of the requirements of Rule 23(a), Humphrey must meet one of the alternative requirements of Rule 23(b), but he does not indicate under which subsection he seeks to proceed. As the party seeking class certification, Humphrey "must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). Ultimately, a "district court maintains substantial discretion in determining whether to certify a class action." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998) (citing *Jenkins v. Raymark Indus.*, 782 F.2d 468, 471-72 (5th Cir. 1986)).

The first requirement of Rule 23(a) is numerosity, such that "joinder of all members is impracticable." Humphrey states that "[t]he putative class is composed of twelve (12) inmates," and he names each one (ECF No. 35 at 2). Because "there is no definite standard as to what size class satisfies Rule 23(a)(1)," courts also consider "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Teta v. Chow*, 712 F.3d 886, 894 (5th Cir. 2013) (internal citations omitted). However, the Fifth Circuit has held that a class with only 130 members "might present a close question as to numerosity, depending on the particular circumstances of the case." *Id.* at 895 (citing *Jaynes v. United States*, 69 Fed. Cl. 450, 454-55 (Fed. Cl. 2006)). Given that Humphrey alleges there are only twelve members of the class, including himself, the class members are all housed at SMCI, and each member has been identified, the undersigned finds that Humphrey has not satisfied the numerosity requirement of Rule 23(a). Even if the Court were to construe Humphrey's Motion as an argument that the the twelve named members should be considered the class representatives and other non-gang inmates at SMCI should be considered members of the class, he has not affirmatively demonstrated that there are a sufficient number of non-gang members at SMCI to satisfy the numerosity requirement.

Given that each element of Rule 23(a) must be satisfied before a class action may be certified, the undersigned will only briefly comment on the remaining elements. "Commonality requires the plaintiff to demonstrate that the class

members 'have suffered the same injury.'" *Wal-Mart Stores, Inc.*, 564 U.S. at 349 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). A plaintiff "must identify a unified common policy, practice or course of conduct that is the source of [the class's] alleged injury." *M.D. v. Perry*, 294 F.R.D. 7, 26 (S.D. Tex. 2013). Admittedly, "[t]he common practice or policy does not have to injure every class member or injure them in exactly the same manner: 'Class certification is appropriate if class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Id.* at 28 (quoting *Glazer v. Whirlpool Corp.*, 678 F.3d 409, 420 (6th Cir. 2012)). However, the plaintiff "must demonstrate that there are common questions of fact or law," and these common questions "must be dispositive of the claims. If they are not—if, for instance, after the common questions are answered one way or another individualized inquiries to determine liability would be needed—then commonality has not been established." *Id.*

Although Humphrey alleges that Defendants' staffing policies have led to the complained of injuries, the undersigned is not convinced that commonality exists. Although Humphrey contends that the class members have been threatened and assaulted, there are different reasons for the assaults. Further, some of the assaults were conducted solely by gang members, while other assaults were ordered by guards. Finally, he only alleges that himself and one other class member have needed medical treatment because of the conditions of confinement, as opposed to needing medical treatment as a result of an assault.

The next element, typicality, "significant[ly] overlap[s]" with commonality.

7

Although it "does not require a complete identity of claims," the "class representative's claims [must] have the same essential characteristics of those of the putative class." *Id.* at 29 (quoting *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). Again, although there is certainly some overlap between the proposed class members' claims, Humphrey admits that he has not been assaulted and only he and one other class member appear to have claims related to the denial of medical treatment due to the conditions of confinement.

The final element of Rule 23(a), adequacy of representation, "encompasses class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)). Courts within this Circuit have held that *pro se* plaintiffs are unable to satisfy the adequacy requirement. *Mitchell v. Denton Cty.*, No. 4:18-cv-490, 2019 WL 7834333, at *2-3 (E.D. Tex. Oct. 10, 2019) (collecting cases); *Davis v. McCain*, No. 1:16-cv-1534-P, 2016 WL 8488930, at *2 (W.D. La. Dec. 29, 2016). Because Humphrey has failed to satisfy the requirements of Rule 23(a), it is immaterial under which subsection of Rule 23(b) he seeks to proceed. Therefore, the undersigned recommends that Humphrey's Motion for Class Certification (ECF No. 35) be denied.

### B. Motion to Dismiss

#### 1. Legal Standard

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

### 2. Analysis

The Eighth Amendment's protections against cruel and unusual punishment require prison officials to "provide humane conditions of confinement," including ensuring inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Only where officials exhibit "deliberate indifference" towards a "substantial risk of serious harm" will a violation be found. *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006) (citing *Farmer*, 511 U.S. at 834). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* at 346 (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). However, "[m]edical records of sick calls,

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

### 2. Analysis

The Eighth Amendment's protections against cruel and unusual punishment require prison officials to "provide humane conditions of confinement," including ensuring inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Only where officials exhibit "deliberate indifference" towards a "substantial risk of serious harm" will a violation be found. *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006) (citing *Farmer*, 511 U.S. at 834). "A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* at 346 (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). However, "[m]edical records of sick calls,

examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)). "Deliberate indifference is an extremely high standard to meet." *Gobert*, 463 F.3d at 546.

Humphrey acknowledges that Defendant Kumar prescribed him medication. However, because Humphrey did not like the medication, he asked that it be discontinued and that he receive counseling instead. The lack of counseling forms the basis of his claim against the Medical Defendants. However, a prisoner's disagreement with the treatment received is not enough to state a claim for deliberate indifference. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001) (citing *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)); *see also Davis v. Epps*, No. 4:08-cv-85-A-D, 2010 WL 572588, at *5 (N.D. Miss. Feb. 8, 2010) (finding that a prisoner's claims for inadequate medical care fail when "he instructed his medical providers that he did not want to take psychiatric medication").

Granted, Courts should generally not dismiss a prisoner's complaint for failure to state a claim before the plaintiff has been given an opportunity to amend. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, Humphrey has already amended his Complaint, and he has filed various attachments. Throughout his pleadings, he acknowledges that he received some treatment, even though it was not his preferred treatment. As such, the undersigned recommends that Humphrey's claim for inadequate medical care be dismissed, as he has already stated his best case. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)

(holding that remand was not warranted when the plaintiff had stated his best case); *see also Lerma v. Falks*, 338 Fed. App'x 472, 474 (5th Cir. 2009) ("when a *pro se* prisoner has been given several opportunities to amend his claims dismissal is proper," otherwise, it "is harmless error to dismiss a case for failure to state a claim without giving the plaintiff an opportunity to amend if the plaintiff has alleged his best case or the dismissal is without prejudice"). Therefore, the undersigned recommends that the Medical Defendants' Motion to Dismiss (ECF No. 31) be granted.

### C. Petition for Injunctive Relief

To the extent Humphrey seeks an evidentiary hearing, the undersigned recommends that after ruling on this Report and Recommendation, the Court set a *Spears*[1] hearing pursuant to the Court's standard procedures. At this hearing, Plaintiff will be given the opportunity to make a full statement of each remaining claim he is pursuing, and the parties will be required to produce documents relevant to this case.

To the extent Humphrey is seeking a preliminary injunction requiring Defendants move him immediately, he must show:

> (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest.

*Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-196 (5th Cir.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2003). "A preliminary injunction is an 'extraordinary and drastic remedy.'" *Munaf v. Geren*, 553 U.S. 674, 689 (2008). Therefore, the movant must convince a court that all four elements are satisfied. If he does not carry this heavy burden, "a preliminary injunction may not issue and, if issued, will be vacated on appeal." *Enter. Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citing *Clements Wire & Mfg. Co. v. N.L.R.B.*, 589 F.2d 894, 897 (5th Cir. 1979)). However, "inmates do not have a constitutionally protected property or liberty interest in housing in certain facilities." *Adeleke v. Heaton*, 352 Fed. App'x 904, 908-09 (5th Cir. 2009) (citing *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988)); *see also Blakeney v. Holman*, No. 3:12-cv-416-JMR, 2013 WL 4483433, at *4 (S.D. Miss. Aug. 19, 2013) ("Although prisoners have a right to be free from cruel and unusual punishments, they have no constitutionally protected interest to serve their sentence in a particular institution, or to be transferred or not transferred from one institution to another"). As such, Humphrey has not carried his burden of showing that he is entitled to a preliminary injunction requiring Defendants to move him. Therefore, the undersigned recommends that his Petition for Injunctive Relief (ECF No. 36) be granted in part and denied in part. The undersigned will schedule a *Spears* hearing after the ruling on this Report and Recommendation.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Medical Defendants' Motion to Dismiss (ECF No. 31) be granted; Humphrey's Motion to Certify Class (ECF No. 35) be denied; and Humphrey's Petition for Injunctive Relief

(ECF No. 36) be granted in part and denied in part.

## IV. NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 11th day of May, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE