IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OMAR KHAYYAM HUMPHREY | § § § | PLAINTIFF |
| v. | § § | Civil No. 1:19cv362-HSO-JCG |
| PELICIA HALL, *et al.* | § § § | DEFENDANTS |

**ORDER OVERRULING PLAINTIFF OMAR KHAYYAM HUMPHREY'S [40] OBJECTIONS; ADOPTING MAGISTRATE JUDGE'S [39] REPORT AND RECOMMENDATION; GRANTING DEFENDANTS RONALD WOODALL, PARVEEN KUMAR, AND MARQUEST LINDSEY'S [31] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS RONALD WOODALL, PARVEEN KUMAR, AND MARQUEST LINDSEY; DENYING PLAINTIFF'S [35] MOTION FOR CLASS CERTIFICATION; AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S [36] PETITION FOR INJUNCTIVE RELIEF**

BEFORE THE COURT are Plaintiff Omar Khayyam Humphrey's Objections [40] to the Report and Recommendation [39] of United States Magistrate Judge John C. Gargiulo, which was entered in this case on May 11, 2020. Based upon a review of the parties' submissions, the record, and relevant legal authority, the Magistrate Judge recommended that Defendants Ronald Woodall, Parveen Kumar, and Marquest Lindsey's Motion [31] to Dismiss for Failure to State a Claim be granted, that Plaintiff's claims against these Defendants be dismissed, that Plaintiff's Motion [35] for Class Certification be denied, and that Plaintiff's Petition [36] for Injunctive Relief be granted in part, to the extent the Magistrate Judge will

conduct a *Spears*[1] hearing, and denied in part, to the extent Plaintiff seeks a preliminary injunction. Plaintiff has submitted Objections [40] to the Report and Recommendation [39].[2]

After thoroughly reviewing Plaintiff's Objections [40], the Magistrate Judge's Report and Recommendation [39], the record, and relevant legal authority, the Court finds that Plaintiff's Objections [40] should be overruled and that the Magistrate Judge's Report and Recommendation [39] should be adopted. Defendants Ronald Woodall, Parveen Kumar, and Marquest Lindsey's Motion [31] to Dismiss for Failure to State a Claim should be granted, and Plaintiff's claims against these three Defendants should be dismissed. Plaintiff's Motion [35] for Class Certification should be denied, and Plaintiff's Petition [36] for Injunctive Relief should be granted in part and denied in part. Plaintiff's claims against the remaining Defendants will proceed, and the Magistrate Judge will schedule a *Spears* hearing, as stated in the Report and Recommendation [39].

## I. BACKGROUND

A. Plaintiff's claims

On June 26, 2019,[3] Plaintiff Omar Khayyam Humphrey ("Plaintiff" or

---

[1] *See Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), *abrogated by Neitzke v. Williams,* 490 U.S. 319 (1989).
[2] Humphrey has also submitted his Affidavit [41] executed on August 12, 2020, *see* Aff. [41] at 5, which was nearly three months after he was served with the Report and Recommendation [39]. To the extent Humphrey seeks to assert additional objections with his Affidavit [41], it is untimely under Federal Rule of Civil Procedure 72(b)(2) and Local Uniform Civil Rule 72(a)(3). However, even considering Humphrey's Affidavit [41], the result in this case would not change.
[3] Humphrey signed the Complaint on June 26, 2019, and it was docketed by the Clerk of Court on July 2, 2019. *See* Compl. [1] at 1, 11.

"Humphrey"), an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed the Complaint [1] in this case asserting claims under 42 U.S.C. § 1983 arising out of his incarceration at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  Humphrey sought to file a class action and identified himself and 11 other inmates, none of whom executed the Complaint, as Plaintiffs.  *See* Compl. [1] at 1, 12.

Humphrey named as Defendants 12 individuals who either work at SMCI or for MDOC.  *See id.* at 1-3, 14-15.  The Complaint [1] alleges that

> Defendants are violating the 8th and 14th Amendments to the U.S. Constitutions [sic] by failing to provide conditions of confinement that offer prisoners reasonable safety and protection from harm/violence. The policies and practices at SMCI subject members of the SMCI class to a substantial risk of serious harm and injury.  And unsafe living conditions.  [sic]   And the (PLRA).  [sic]

*Id.* at 3.

On July 19, 2019, Humphrey filed a Motion [8] to Amend his Complaint to add as Defendants Medical Director Ronald Woodall ("Dr. Woodall") and "psychology doctors" Parveen Kumar ("Dr. Kumar") and Marquest Lindsey ("Dr. Lindsey") (collectively, the "Medical Defendants").  *See* Mot. [8] at 1-2.  The Magistrate Judge granted Plaintiff's Motion [8] to Amend, stating that the Court would consider the allegations in the Motion [8] to Amend and would add Drs. Woodall, Kumar, and Lindsey as Defendants.

Humphrey's Motion [8] to Amend raises claims for inadequate medical care against the Medical Defendants.  Mot. [8] at 2.  Humphrey contends that, while Kumar has prescribed him "various medications," those medications have been

3

counterproductive. *Id.* Accordingly, Dr. Kumar reduced the medications, which was purportedly to "no avail," such that Humphrey requested the medications be discontinued, and Dr. Kumar complied with Humphrey's request. *Id.* Humphrey also claims that he has been denied requests for counseling. *Id.*

B.  Medical Defendants' Motion [31] to Dismiss

The Medical Defendants filed a Motion [31] to Dismiss for Failure to State a Claim, arguing that Humphrey's Complaint is frivolous and should be dismissed because it fails to state a claim that they acted with deliberate indifference and violated his constitutional rights. *See* Mem. [32] at 3-5. The Medical Defendants point out that Humphrey alleges that Dr. Kumar prescribed him medication and worked with him to try to find an appropriate dosage, only for Humphrey to decide to discontinue treatment. *See id.* at 5. They maintain that Humphrey's disagreement with and request for alternative treatment does not state a claim for deliberate indifference under the Eighth Amendment, as Plaintiff does not allege that Defendants refused to treat him, ignored his requests, or intentionally treated him incorrectly. *See id.* at 5-6.

Humphrey responds that "medical staff" have repeatedly ignored his sick calls and Administrative Remedy Program ("ARP") requests seeking mental health counseling. Resp. [33] at 2. Humphrey again complains of Dr. Kumar's prescribing him various medications that were counterproductive, as they made him "drowsy and inattentive" in the "hostile environment" at SMCI. *Id.* Humphrey maintains that he sent requests for counseling to the SMCI medical and psychology

departments to no avail.  *See id.* at 3.

The Magistrate Judge determined that Humphrey has not stated a claim for deliberate indifference because, throughout his pleadings, he acknowledges that he received some treatment.  *See* R. & R. [39] at 10.  While the treatment Humphrey received was not his preferred treatment, his disagreement is insufficient to sustain a claim for inadequate medical care under the Eighth Amendment.  *Id.*  Because Humphrey has already amended his Complaint and has filed various other attachments, the Magistrate Judge found that Humphrey has already stated his best case and recommended that Humphrey's claims against the Medical Defendants be dismissed.  *Id.*

Although Humphrey has filed Objections [40] to the Report and Recommendation [39], he focuses on the Magistrate Judge's denial of his requests for class certification and injunctive relief, and raises no objection to the Magistrate Judge's recommendation to grant the Medical Defendants' Motion [31] to Dismiss. *See* Obj. [40] at 1 ("Plaintiff objects to all adverse rulings as to the Motion for Class Certification and Petition for Injunctive Relief in the Report and Recommendation (R&R) issued on May 11, 2020.").

C.  Humphrey's Motion [35] for Class Certification

On January 31, 2020, Humphrey filed a Motion [35] pursuant to Federal Rule of Civil Procedure 23, seeking to certify a class of "non-gang inmates" with respect to the conditions of confinement at SMCI.  *See* Mot. [35] at 1-13.  The Magistrate Judge recommended that this Motion [35] be denied because Humphrey has not

satisfied the requirements of numerosity, commonality, typicality, or adequacy of representation set forth in Rule 23(a). *See* R. & R. [39] at 6-8 (citing Fed. R. Civ. P. 23(a)).

In Humphrey's Objections [40], he attempts to demonstrate the existence of these elements. *See* Obj. [40] at 2-5. With respect to numerosity, Humphrey estimates that SMCI houses 1,000 inmates total, such that "surely there is enough non-gang inmates to satisfy numerosity." *Id.* at 2. Humphrey asserts that the element of commonality is met because, while some alleged assaults were conducted solely by gang members while others were purportedly ordered by guards, "deficient staffing is causation of barbaric conditions of confinement," and "the gangs are assaulting non-gang members at a high rate with no repercussion." *Id.* at 4. Humphrey concludes that the remaining requirements of "typicality and adequacy of representation can be met with appointment of counsel." *Id.* at 5.

D.    <u>Plaintiff's Petition [36] for Injunctive Relief</u>

Humphrey has also filed a Petition [36] for Injunctive Relief, asking the Court to enter an Order for an evidentiary hearing. *See* Pet. [36] at 8. Humphrey asks that, following the hearing, the Court grant his Petition [36] for him "to be transferred out of harm's way here at SMCI building A-2 to across the fence building D-2, SMCI area 1, Stone County Regional, George County regional and or Marshall County Correctional Facility," *id.*, or "lock [him] down in one man cell in SMCI area 2 tower five," *id.* at 9.

The Magistrate Judge recommended that to the extent Humphrey seeks an

evidentiary hearing, a *Spears* hearing be scheduled pursuant to the Court's standard procedures once this Court rules upon the Report and Recommendation. At this hearing, Humphrey would be permitted to make a statement of the remaining claims he is pursuing, and the parties will be required to produce documents relevant to this case.  *See* R. & R. [39] at 11.   To the extent Humphrey seeks a preliminary injunction requiring Defendants to immediately move him, the Magistrate Judge determined that Humphrey had not carried his burden of showing that he was entitled to such relief, *id.* at 11-12, and recommended that Humphrey's Petition for Injunctive Relief be denied in part to this extent, *see id.* at 12.

## II.   DISCUSSION

A.   Standard of review

Because Humphrey has submitted written Objections [40] to the Magistrate Judge's Report and Recommendation [39], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).   In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge."   *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).   To the extent Humphrey has not objected to portions of the Report and Recommendation [39], the Court considers whether the Magistrate Judge's proposed findings or recommendations are "clearly erroneous or contrary to law."   28 U.S.C. § 636(b)(1)(A).

B.    Medical Defendants' Motion [31] to Dismiss

The Magistrate Judge determined that Humphrey has not stated a claim for deliberate indifference to his serious medical needs because, throughout his pleadings, he acknowledges that he received some treatment.  *See* R. & R. [39] at 10.  Because Humphrey has already amended his Complaint and filed various attachments, the Magistrate Judge recommended that Humphrey's claims against the Medical Defendants be dismissed, as Humphrey has already stated his best case.  *Id.*

Although Humphrey has filed Objections [40] to the Report and Recommendation [39], he raises no objection to the Magistrate Judge's recommendation to grant the Motion [31] to Dismiss.  Humphrey objects only to the Magistrate Judge's recommended resolution of his other Motions [35], [36].  *See* Obj. [40] at 1 ("Plaintiff objects to all adverse rulings as to the Motion for Class Certification and Petition for Injunctive Relief in the Report and Recommendation (R&R) issued on May 11, 2020.").  The Court has reviewed the record and finds that because the Magistrate Judge's proposed findings and recommendations as to the Medical Defendants' Motion [31] to Dismiss are not "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), they should be adopted as the finding of the Court.  The Medical Defendants' Motion [31] to Dismiss will be granted, and Humphrey's claims against Defendants Dr. Woodall, Dr. Kumar, and Dr. Lindsey will be dismissed.

C.   Humphrey's Motion [35] for Class Certification

Humphrey asks the Court to certify a class of "non-gang inmates" on the issue of the conditions of confinement at SMCI.  *See* Mot. [35] at 1-13.  The Magistrate Judge recommended that this Motion [35] be denied because Humphrey has not satisfied Rule 23(a)'s requirements of numerosity, commonality, typicality, or adequacy of representation.  *See* R. & R. [39] at 6-8 (citing Fed. R. Civ. P. 23(a)). Having conducted an independent de novo review of the record, the Court agrees.

1.   Relevant legal authority

Federal Rule of Civil Procedure 23(a) sets forth the prerequisites for certifying a class action and provides that

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  These conditions are referred to as numerosity, commonality, typicality, and adequacy.  *Chavez v. Plan Benefit Servs., Inc.*, 957 F.3d 542, 545 (5th Cir. 2020).

The United States Court of Appeals for the Fifth Circuit has cautioned that, given the impact of class certification, "district courts must analyze Rule 23 with special attention."  *Id*.  A plaintiff "seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove

9

that there are *in fact* sufficiently numerous parties, common questions of law or fact, and so on."  *Id.* at 545-46 (quotation omitted) (emphasis in original).  In addition to the four requirements of Rule 23(a), a class may be maintained only if certain other requirements set forth in Rule 23(b) are satisfied.  *See* Fed. R. Civ. P. 23(b).

2. <u>Analysis</u>

Having considered the record in this case, the Court agrees with the Magistrate Judge that Humphrey has not shown that he meets the four prerequisites for class certification under Rule 23(a).[4]  First, Humphrey did not even attempt to address typicality and adequacy in his Objections [40], other than to state that those requirements "can be met with appointment of counsel."  Obj. [40] at 5.  The Court finds that the Magistrate Judge's finding that Humphrey has not shown typicality and adequacy, *see* R. & R. [39] at 7-8, was not clearly erroneous or contrary to law.  For this reason alone, Humphrey's request for class certification is not well taken and should be denied.

Moreover, having conducted a de novo review of the record, the Court finds that Humphrey has not demonstrated numerosity or commonality.  A class action may be maintained only if "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  A plaintiff "must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members."

---

[4] Additionally, Humphrey has not indicated under which subsection of Rule 23(b) he seeks to proceed.  Humphrey has therefore not met his burden of demonstrating that the proposed class satisfies any of the subsections of Rule 23(b), and denial of Humphrey's request for class certification is also appropriate on this basis.

10

*Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016).

While the Fifth Circuit holds that a plaintiff must ordinarily show some evidence or a reasonable estimate of the number of purported class members, it "has repeatedly noted that the number of members in a proposed class is not determinative of whether joinder is impracticable." *Id.* (quotation omitted). A case is not a proper class action when the size of the class is demonstrably small. *See Ward v. Kelly*, 476 F.2d 963, 964 (5th Cir. 1973). Other facts which may be relevant to the numerosity inquiry include "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Id.* (quoting *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981)). Humphrey's Motion [35] for Class Certification states that "[t]he putative class is composed of twelve (12) inmates," Mot. [35] at 2, and names each of the putative class members, *see id.* This is insufficient to demonstrate numerosity under Rule 23(a)(1).

In Humphrey's Objections [40], he estimates SMCI houses 1,000 inmates total, such that "surely their [sic] is [sic] enough non-gang inmates to satisfy numerosity." Obj. [40] at 2. The Court notes that in Humphrey's filings, he has referred to non-gang members as being in the "minority" at SMCI. *See* Mot. [35] at 3, 9. Humphrey has opined that, in one building at SMCI, the ratio was "50 to 1 gang member inmates to non-gang inmate." *Id.* By extrapolation and applying Humphrey's own ratio to his estimate that there are 1,000 inmates total at SMCI, approximately 20 inmates at SMCI would be non-gang members, and Humphrey

11

has already identified 12 of those inmates as putative class members.  *See* Mot. [35] at 2.  All of the inmates in the putative class are housed at SMCI, and it appears that they could be relatively easily identified by Humphrey.  In sum, Humphrey has not satisfied the numerosity requirement of Rule 23(a)(1).

Commonality "requires the plaintiff to show that 'there are questions of law or fact common to the class.'"  *Chavez*, 957 F.3d at 547 (quoting Fed. R. Civ. P. 23(a)(2)).  In order to demonstrate commonality, all of the class members' claims "must depend on a common issue whose resolution will resolve an issue that is central to the validity of each one of the class member's claims in one stroke."  *Id.* (quotation omitted).  In this case, based upon the record, Humphrey has not shown that commonality exists.  While Humphrey contends that the class members have been threatened and assaulted, the record reflects different causes for the purported assaults, with some allegedly being ordered by guards and some being conducted solely by gang members.  Humphrey has not identified a common legal contention that is capable of class-wide resolution, such that his request for class certification fails for this reason as well.  *See id.*; *see also Flecha v. Medicredit, Inc.*, 946 F.3d 762, 767 (5th Cir. 2020).

D.  <u>Plaintiff's Petition [36] for Injunctive Relief</u>

Humphrey seeks a hearing and a transfer to a different building at SMCI or to a different correctional institution.  *See* Pet. [36] at 8-9.  The Magistrate Judge recommended that Humphrey's Petition [36] be granted in part, to the extent the Magistrate Judge will set a *Spears* hearing after this Court's ruling on the Petition.

12

*See* R. & R. [39] at 11. Humphrey has not objected to this recommendation. *See* Obj. [40] at 1-6. Because the Court finds that this recommendation is not clearly erroneous or contrary to law, the Court will adopt this portion of the Report and Recommendation [39] to the extent Humphrey seeks a hearing, and the Magistrate Judge will schedule a *Spears* hearing.

As for Humphrey's request for injunctive relief, the Magistrate Judge recommended that the Petition [36] be denied because Humphrey has not carried his burden of showing that he is entitled to such relief. *See* R. & R. [39] at 11-12. Humphrey's Objections [40] reiterate the allegations in his Complaint [1] that he is housed in a gang-run building and refer to SMCI as a "tinderbox." *See* Obj. [40] at 5-6.

A preliminary injunction is an "extraordinary remedy," which may only be issued if a movant establishes the following four elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

On this record, Humphrey has not demonstrated a substantial likelihood of success on the merits, and for this reason alone, his Petition [36] for Injunctive Relief should be denied. *See id.*; *see also Humphrey v. Banks*, 777 F. App'x 767, 768 (5th Cir. 2019) (affirming the dismissal of Humphrey's earlier 42 U.S.C. § 1983 complaint that raised allegations of deliberate indifference to his safety by

assigning him to a prison unit that housed gang-affiliated inmates, and affirming the denial of his motions for preliminary injunction, to supplement, and for transfer to a different prison). While Humphrey seeks an injunction requiring Defendants to transfer him to certain specific detention facilities, *see* Pet. [36] at 8, "'[a] prison inmate does not have a protectable liberty or property interest in his custodial classification' and does not have a constitutional right to be housed in a particular facility," *Humphrey*, 777 F. App'x at 768 (quoting *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)) (alteration in original). "[P]rison officials exercise sole discretion over inmate unit placement, and inmates do not have a constitutionally protected property or liberty interest in housing in certain facilities." *Adeleke v. Heaton*, 352 F. App'x 904, 908-09 (5th Cir. 2009). To the extent Humphrey seeks injunctive relief, namely the transfer to a different building at SMCI or to a different correctional institution, his Petition [36] should be denied.

### III. CONCLUSION

Having conducted the required review under 28 U.S.C. § 636, Humphrey's Objections [40] will be overruled and the Magistrate Judge's Report and Recommendation [39] will be adopted as the finding of the Court. The Medical Defendants' Motion [31] to Dismiss for Failure to State a Claim will be granted, and Plaintiff's claims against these Defendants will be dismissed. Plaintiff's Motion [35] for Class Certification will be denied, and his Petition [36] for Injunctive Relief will be granted in part and denied in part, as stated herein. Plaintiff's claims against the remaining Defendants will proceed, and the Magistrate Judge will

schedule a *Spears* hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Omar Khayyam Humphrey's Objections [40] to the Report and Recommendation [39] of United States Magistrate Judge John C. Gargiulo are **OVERRULED**, and the Report and Recommendation [39] is **ADOPTED** as the finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Ronald Woodall, Parveen Kumar, and Marquest Lindsey's Motion [31] to Dismiss for Failure to State a Claim is **GRANTED**, and Plaintiff Omar Khayyam Humphrey's claims against Defendants Ronald Woodall, Parveen Kumar, and Marquest Lindsey are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims against the remaining Defendants will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Omar Khayyam Humphrey's Motion [35] for Class Certification is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Omar Khayyam Humphrey's Petition [36] for Injunctive Relief is **GRANTED IN PART**, to the extent Plaintiff seeks a *Spears* hearing, and **DENIED IN PART**, to the extent Plaintiff seeks a preliminary injunction.  Following the entry of this Order, United States Magistrate Judge John C. Gargiulo will schedule a *Spears* hearing, as stated in the Report and Recommendation [39].

**SO ORDERED AND ADJUDGED**, this the 20th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

15