**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **OMAR KHAYYAM HUMPHREY** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:19cv362-HSO-RHWR** |
| | § | |
| | § | |
| **PELICIA HALL,** *et al.* | § | **DEFENDANTS** |

**ORDER OVERRULING PLAINTIFF'S OBJECTION [72]; ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [71];
DENYING PLAINTIFF'S MOTION [55] FOR SUMMARY JUDGMENT;
GRANTING DEFENDANTS' MOTION [62] FOR SUMMARY JUDGMENT;
AND DISMISSING PLAINTIFF'S REMAINING CLAIMS**

BEFORE THE COURT are (1) Plaintiff Omar Khayyam Humphrey's

Objection [72] to the Report and Recommendation [71] of United States Magistrate

Judge Robert H. Walker; (2) Plaintiff's Motion [55] for Summary Judgment; and (3)

Defendants' Motion [62] for Summary Judgment.   Based upon a review of the

parties' submissions, the record, and relevant legal authority, the Magistrate Judge

recommended that Plaintiff's Motion [55] for Summary Judgment be denied, that

Defendants' Motion [62] for Summary Judgment be granted, and that Plaintiff's

Complaint be dismissed.   *See* R. & R. [71] at 16.

After thoroughly reviewing Plaintiff's Objection [72], the Magistrate Judge's

Report and Recommendation [71], the record, and relevant legal authority, the

Court finds that Plaintiff's Objection [72] should be overruled and that the

Magistrate Judge's Report and Recommendation [71] should be adopted as modified

herein.   Defendants' Motion [62] for Summary Judgment should be granted, and

Plaintiff's Motion [55] for Summary Judgment should be denied.   Plaintiff's

remaining claims in this case will be dismissed.

## I.   BACKGROUND

A.   Humphrey's claims

Plaintiff Omar Khayyam Humphrey ("Plaintiff" or "Humphrey") is a

postconviction inmate in the custody of the Mississippi Department of Corrections

("MDOC"), incarcerated at the South Mississippi Correctional Institution ("SMCI")

in Leakesville, Mississippi.   *See, e.g.,* Tr. [62-1] at 8; Ex. [62-2] at 1.   He is serving

a life sentence without eligibility for parole for homicide.   *See* Mem. [63] at 1.

On June 26, 2019,[1]  Plaintiff filed the Complaint [1] in this case advancing

claims under 42 U.S.C. § 1983 arising out of his incarceration at the SMCI.

Humphrey named as Defendants 12 individuals who either work at SMCI or for

MDOC—Pelicia Hall, Joe Errington, Joshua Csaszar, Regina Reed, Penny Bufkin,

James Cooksey, Joseph Cooley, Sheneice Hartfield-Evans, Roylandia McBride,

Andrew Mills, Andrian Keys, and Richard Pennington.   *See* Compl. [1] at 1-3, 14-

15.[2]

The Complaint [1] alleges that

---

[1]  Humphrey signed the Complaint on June 26, 2019, and it was docketed by the Clerk of
Court on July 2, 2019.   *See* Compl. [1] at 1, 11.
[2]  On July 19, 2019, Humphrey filed a Motion [8] to Amend his Complaint to add as
Defendants Medical Director Ronald Woodall ("Dr. Woodall") and "psychology doctors"
Parveen Kumar ("Dr. Kumar") and Marquest Lindsey ("Dr. Lindsey") (collectively, the
"Medical Defendants").   *See* Mot. [8] at 1-2.   The Magistrate Judge granted Plaintiff's
Motion [8] to Amend, stating that the Court would consider the allegations in the Motion
[8] to Amend and would add Drs. Woodall, Kumar, and Lindsey as Defendants.   *See* Order
[14] at 1.   The Court subsequently granted the Medical Defendants' Motion [31] to Dismiss
and dismissed Humphrey's claims against these Defendants with prejudice.   *See* Order
[42] at 15.

> Defendants are violating the 8th and 14th Amendments to the U.S. Constitutions [sic] by failing to provide conditions of confinement that offer prisoners reasonable safety and protection from harm/violence. The policies and practices at SMCI subject members of the SMCI class to a substantial risk of serious harm and injury.  And unsafe living conditions.  [sic]  And the (PLRA).  [sic]

*Id.* at 3.[3]   As a postconviction inmate, Plaintiff essentially raises a conditions-of-confinement claim under the Eighth Amendment, but he asserts no physical injuries as a result of Defendants' alleged constitutional violations.   *See id.*; Tr. [62-1] at 13-14.   Plaintiff's alleged injuries consist of psychological injuries, specifically anxiety and "having a hard time sleeping."   Tr. [62-1] at 13-14.

B.   The parties' Motions [55], [62] for Summary Judgment

Humphrey has filed an "offensive" Motion [55] for Summary Judgment, seeking summary judgment in his favor.   *See* Mot. [55].   Humphrey asserts that Defendants are deliberately indifferent to their own policies and practices, specifically with respect to understaffing and inadequate supervision, resulting in a substantial risk of harm to him as a "non-gang inmate."   Mem. [56] at 2.   He contends that there is "overwhelming proof" that SMCI is "1) grossly understaffed and as a result (2) the gangs are running the prison in which 3) defendants are being 'deliberate[ly] indifferent' to the aforementioned."   *Id.* at 3.   According to Humphrey, "SMCI['s] severe understaffing exposes [him] as a non-gang inmate and inmates similarly situated to serious harm," *id.* at 5, and "SMCI does not

---

[3] The Complaint refers to the Fourteenth Amendment; however, "[t]he Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees."   *Parker v. Blackwell*, 23 F.4th 517, 522 (5th Cir. 2022) (quotation omitted).

reasonably protect prisoners from rampant violence," *id.* at 6.   Defendants have

filed a Response [65] to Humphrey's Motion [55], *see* Resp. [65], contending that

Humphrey has offered "only conclusory allegations, unsupported by any fact," *id.* at

2, and that Humphrey's Motion [55] for Summary Judgment should be denied, *see*

*id.*

Defendants have filed their own Motion [62] for Summary Judgment, seeking

dismissal of all claims asserted against them.   *See* Mot. [62] at 1-2.   To the extent

Defendants are sued in their official capacities, they take the position that such

claims "are due to be dismissed because the Eleventh Amendment prohibits actions

for damages against a state actor without the state's consent," and that the State of

Mississippi's sovereign immunity extends to a state agency or entity such as

MDOC, which is deemed to be an arm of the State.   Mem. [63] at 5-6 (citing *Brooks*

*v. George County, Mississippi*, 84 F.3d 157, 168 (5th Cir. 1996); *Perez v. Region 20*

*Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).   Defendants further assert that

the *Ex parte Young* exception to Eleventh Amendment immunity does not apply

here.   *See id.* at 7 (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

With respect to claims against Defendants in their individual capacities, they

maintain that they are each entitled to qualified immunity, as there is no evidence

of deliberate indifference.   *See id.* at 7-12.   As for Defendant former Commissioner

Pelicia Hall, Defendants argue that Humphrey has not shown the existence of a

policy of understaffing and that, according to Humphrey's own testimony, there is

no such policy adopted by Hall.   *See id.* at 12-13.   With respect to Humphrey's

claims against Defendants Andrew Mills, Roylandia McBride, and Sheneice Evans

for allegedly participating in gang activity, Defendants maintain that Plaintiff's broad and conclusory allegations are insufficient to withstand summary judgment. *See id.* at 13.

To the extent Humphrey is asserting Defendants did not adequately respond to his letters and complaints about prison violence, Defendants argue that "this simply does not rise to the level of a constitutional claim."  *Id.* at 13.   As for Humphrey's claims concerning Defendants Richard Pennington and Joseph Cooley that they handled the facility's Administrative Review Program ("ARP") in a deliberately indifferent manner, Defendants posit that this claim is frivolous because Humphrey "has no constitutional right to a grievance procedure and has no due process liberty interest in having his grievance resolved to his satisfaction." *Id.* at 14.   Likewise, Defendants maintain that to the extent Humphrey charges that any Defendant failed to follow an MDOC or standard operating procedure, this alone is not a violation of Humphrey's constitutional rights.   *See id.* at 14-15.

Defendants also assert that Plaintiff has not shown any physical injury and cannot bring a civil action for only mental or emotional injuries.   *See id.* at 16-18 (citing 42 U.S.C. § 1997e(e)).   Finally, Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit, requiring dismissal of his claims.   *See id.* at 18-24.

Humphrey responds that he did not fail to exhaust his administrative remedies because staffing is a personnel matter not subject to the ARP, meaning that exhaustion was not required.   *See* Resp. [67] at 2-3 (citing *Kaemmerling v. Lappin*, 553 F.3d 669, 675-76 (D.C. Cir. 2008); *Casanova v. Dubois*, 304 F.3d 75, 77

(1st Cir. 2002)).   Humphrey further claims that Defendants have generally
obstructed the ARP process at the prison by improperly preventing him from
completing the grievance procedure.   *See id.* at 3-4.   Humphrey relies upon one
ARP, number SMCI-19-0604 concerning "deficient staffing," that was "rejected due
to no available process," *id.* at 3; therefore, he argues that dismissal for failure to
exhaust administrative remedies would be improper, *see id.* at 3-4 (citing *Little v.
Jones*, 607 F.3d 1245, 1249-50 (10th Cir. 2010)); *see also* Ex. [1-2] at 1-4 (ARP
number SMCI-19-0604); Compl. [1] at 4, 7-8 (relying upon only rejected ARP
number SMCI-19-0604 to assert exhaustion of administrative remedies).

Humphrey insists that he has demonstrated deliberate indifference on
Defendants' part and that he has presented evidence that prison officials were
aware of a substantial risk of harm to him.   *See id.* at 5-9.   According to
Humphrey, gang members in SMCI have "unchecked authority" over non-gang
members such as him, and "SMCI is understaffed and to make up for this deficiency
allow [sic] the gangs to run/control the housing units etc."   *Id.* at 10.   Finally,
Humphrey contends that Defendants were on notice of constitutional deficiencies
and did not act responsibly in addressing them.   *See id.* at 10-11.

C.   The Magistrate Judge's Report and Recommendation [71]

The Magistrate Judge entered a Report and Recommendation [71]
determining that Plaintiff did not properly exhaust his claims, such that they
should be dismissed.   *See* R. & R. [71] at 4-8.   As for the claims against Defendants
in their official capacities, the Magistrate Judge found that they were subject to
dismissal on grounds of sovereign immunity.   *See id.* at 8-10.   The Magistrate

Judge further concluded that dismissal of these claims was appropriate because Defendants in their official capacities are not persons who can be sued under 42 U.S.C. § 1983.   *See id.* at 10-11.   With respect to claims against Defendants in their individual capacities, the Magistrate Judge found that each Defendant was entitled to qualified immunity.   *See id.* at 11-16.   The Magistrate Judge therefore recommended that Defendants' Motion [62] for Summary Judgment be granted, that Humphrey's Motion [55] for Summary Judgment be denied, and that Humphrey's claims be dismissed.   *See id.* at 16.

D.   Humphrey's Objection [72]

Humphrey has filed an Objection [72] to the Report and Recommendation [71].   He insists that, under the MDOC's ARP, there is no process to challenge the subject-matter of a deficient staffing issue, which is why his ARP complaints were rejected.   *See* Obj. [72] at 3-4.   Because there was no available administrative procedure for his claims, he was not required to exhaust them under the PLRA. *See id.* at 4-5.

Humphrey also objects to the Magistrate Judge's finding that he failed to establish an understaffing claim, *see id.* at 2, as he maintains that "Defendants are deliberately and systematically subjecting people in its care to a substantial risk of serious harm due to understaffing, in violation of the rights secured and protected by the Eighth Amendment to the United States Constitution," *id.* at 5.   According to Humphrey, despite Defendants' "constitutional obligation to protect the individuals in its [sic] custody from harm at the hands of officers or other incarcerated individuals," the "over-incarceration and acute understaffing at

7

MDOC/SMCI is so severe that it is functionally impossible for facility personnel to adequately manage the institution and individuals charged to their care, resulting in brutal, foreseeable, and preventable deaths and injuries . . . ."  *Id.*   Humphrey further contends that Defendants are not entitled to qualified immunity.   *See id.* at 6.

## II.   DISCUSSION

A.   Relevant legal standards

Because Humphrey has submitted a written Objection [72] to the Magistrate Judge's Report and Recommendation [71], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).   Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate."   *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).   In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge."   *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).   As for those portions of a report and recommendation to which there are no objections, a court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review."   *Wilson*, 864 F.2d at 1221 (quotation omitted).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R.

Civ. P. 56(a).   "The evidence is viewed in the light most favorable to the non-

movants with all reasonable inferences drawn in their favor."   *United States Sec. &*

*Exch. Comm'n v. Kahlon*, 873 F.3d 500, 504 (5th Cir. 2017).   With respect to an

offensive motion for summary judgment such as Plaintiff's, where a movant bears

the burden of proof on an issue on which he seeks summary judgment he must

"establish beyond peradventure *all* of the essential elements of the claim or defense

to warrant judgment in his favor."   *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194

(5th Cir. 1986) (emphasis in original); *see also Guzman v. Allstate Assurance Co.*, 18

F.4th 157, 160 (5th Cir. 2021).

**B.**   **Defendants' Motion [62] for Summary Judgment**

As the Magistrate Judge recognized, and as Plaintiff agrees, the Complaint

raises three distinct claims:

> (1) Defendant Hall acted deliberately indifferent to his safety by failing
> to adequately staff SMCI, (2) certain Defendants violated his Eighth
> Amendment rights by failing to offer him safety and protection from
> repeated gang violence at SMCI, and these alleged violations have led
> to sleep issues, anxiety and trauma, and (3) certain Defendants violated
> his Eighth Amendment rights by acting deliberately indifferent towards
> MDOC policies and procedures.

R. & R. [71] at 2; *see also* Obj. [72] at 1-2.

**1.**   **The exhaustion requirement**

The parties dispute whether Humphrey properly exhausted his claims within

the meaning of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, et seq. (the

"PLRA").   Before bringing suit, the PLRA "requires that a prisoner exhaust all

*available* administrative remedies."   *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir.

2017) (emphasis added) (citing 42 U.S.C. § 1997e(a)).   "Requiring exhaustion allows

prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."   *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   "Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Humphrey] failed to exhaust available administrative remedies."   *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Jones*, 549 U.S. at 216).

An administrative remedy is not "available" under the PLRA, and exhaustion is not required, when:

> 1.      The procedure "operates as a simple dead end" because "the relevant administrative procedure lacks authority to provide any relief," or "administrative officials have apparent authority, but decline ever to exercise it."
> 2.      The "administrative scheme [is] so opaque that ... no reasonable prisoner can use them."
> 3.      Or when "prison administrators thwart inmates from taking advantage   of   a   grievance   process   through   machination, misrepresentation, or intimidation."

*Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).   The availability of administrative remedies under § 1997e(a) "may sometimes turn on questions of fact."   *Dillon*, 596 F.3d at 266.

Defendants focus on the "numerous ARP grievances" Humphrey filed concerning the issues in this case and assert that all but one of his complaints were properly rejected, that Plaintiff did not properly resubmit the grievances in

compliance with the ARP's procedural rules, and that as such these claims were not properly exhausted.   Mem. [63] at 20-23.   The one grievance that was accepted in the ARP, number SCMI-19-0708, was purportedly awaiting a first step response at the time Humphrey filed his Complaint.   *See id.* at 24.

In his Objection [72], Humphrey states that he submitted six of the "emergency" grievances to the Court to show "the cause and effect of deficient staffing," not to demonstrate exhaustion of his claims.   Obj. [72] at 3.   In support of his position that his claims in this case were fully exhausted, Humphrey points to only one ARP, number SMCI-19-0604.   *See id.*   The Court therefore need only consider that one rejected grievance on which Humphrey relies.   *See id.*; *see also* Compl. [1] at 4, 7-8 (relying upon only rejected ARP number SMCI-19-0604 to assert exhaustion of administrative remedies).[4]

Humphrey advances three distinct claims concerning (1) Defendant Hall's alleged failure to adequately staff SMCI; (2) certain Defendants' purported violations of his Eighth Amendment rights by failing to offer him safety and protection from repeated gang violence at SMCI; and (3) certain Defendants' claimed violations of his Eighth Amendment rights by exhibiting deliberate

---

[4] Humphrey cited two other ARPs in his Response [67], numbers SMCI-19-0563 and SMCI-19-0708, but only as purported "examples' of defendants' obstruction" of the ARP process generally.   Resp. [67] at 3.   It appears that both were in the ARP process when litigation was commenced, so they had not been exhausted.   *See* 42 U.S.C. § 1997e(e) (requiring exhaustion prior to bringing action); *see also, e.g.,* Ex. [55-5] at 9 (letter from Cooley to Humphrey dated November 13, 2019, explaining both ARPs were at the second step of the process when the issues were included in a federal court filing and were therefore be rejected); Ex. [12-3] at 1 (Humphrey's request for SMCI-19-0563 to proceed to second step of process dated July 3, 2019, which was the day after he filed his Complaint [1] in this case); Ex. [55-5] at 7 (Affidavit of Cooley averring that ARP SMCI-19-0708 was filed July 9, 2019, which was a week after the Complaint [1] was filed).

indifference towards MDOC policies and procedures.   *See* R. & R. [71] at 2; *see also* Obj. [72] at 1-2.

   Humphrey's ARP number SCMI-19-0604 concerns understaffing and staff's alleged awareness of gang activity and failure to protect non-gang inmates like him, which are the core issues in this case.   *See* Compl. [1] at 8; Ex. [62-5] at 3-5; Obj. [72] at 3-4.   This grievance was rejected because "[t]he ARP does not award damages (compensatory or punitive).   It does not have the authority to do that. Those are awarded by the court system.   Also, staffing is a personnel matter and *personnel matters are not subject to the ARP.*"   Ex. [62-5] at 1 (emphasis added). This ARP was specifically rejected because it involved a personnel matter.   *See id.* Such a response would seem to evidence that the ARP procedure would be "a simple dead end," at least for the understaffing claims Humphrey raised in that grievance. *See Valentine*, 956 F.3d at 804.   Therefore, Defendants have not shown that Humphrey failed to fully exhaust his claim regarding understaffing, and summary judgment on the basis of failure to exhaust would not be appropriate.   The Court will consider Humphrey's claim against Defendant Hall on understaffing on its merits.

   There is no indication from the record that administrative remedies were not available for Humphrey's claims related to staff members' alleged actions concerning gang activity and their exhibiting deliberate indifference towards MDOC policies and procedures.   *See id.*   Humphrey was therefore required to exhaust these claims prior to filing suit, and the record is clear that he did not.   *See* 42 U.S.C. § 1997e(a); Ex. [62-5] at 1-5.   Nor does he argue that he has done so, only

asserting that there was "[n]o available remedy as to deficient staffing prior to filing suit." Obj. [72] at 3 (emphasis removed).

While Humphrey seems to argue that he was not required to exhaust any of his claims because administrative remedies were unavailable for one, the PLRA requires exhaustion with respect to each claim. *See, e.g., Jones*, 549 U.S. at 211, 219-24 (noting that "exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court," rejecting a total exhaustion requirement for all claims in an action, and holding courts should employ a claim-by-claim approach). Humphrey cannot evade the PLRA's exhaustion requirement by lumping together in one grievance claims for which there is no available remedy with claims for which a remedy exists. Humphrey's claims regarding individual MDOC staff conduct related to gang activity and deliberate indifference towards MDOC policies will therefore be dismissed for failure to exhaust.[5] Only Humphrey's claim against Hall for failing to adequately staff SMCI remains properly before the Court.

---

[5] In this ARP Humphrey raised concerns about gang activity and made the conclusory assertion that he should be awarded damages "due to MDOC/SMCI deficiencies which are in violation of MDOC/SMCI herein cited policies." Ex. [62-5] at 5. However, the response only stated that "personnel matters are not subject to the ARP." *Id.* at 1. The only reasonable reading of this statement is that it refers to the understaffing issues raised in the ARP. Taking the overly expansive view that "personnel matters" would include any activity by prison personnel would be absurd, as a facility only operates through personnel. Under that reasoning, every action taken by prison officials would be a "personnel matter," which would be an unreasonable interpretation of the ARP response. Because Humphrey has not shown that the ARP procedure would be "a simple dead end" for these other two claims, *see Valentine*, 956 F.3d at 804, which are not "personnel matters," Ex. [62-5] at 1, those claims have not been exhausted.

2.     Humphrey's official capacity claims under § 1983

To the extent Humphrey raises properly exhausted claims against Defendants in their official capacities, the Court agrees with the Magistrate Judge's determination that any claims for monetary damages against these Defendants are barred by the Eleventh Amendment, *see, e.g., Alvarez v. Akwitti,* 997 F.3d 211, 214 (5th Cir. 2021), and Humphrey has not specifically objected to this finding, *see* Obj. [72].[6]

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 35 (2012).   "The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, . . . unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). If a state entity is named as a defendant, claims against it are barred if it is "an arm of the State."   *Id.* (quotation omitted).

---

[6] Although Humphrey's Objection contains a heading stating that "Defendants are not entitled to sovereign and qualified immunities," he does not in substance address sovereign immunity in his Objection.   Obj. [72] at 6 (emphasis removed).   Therefore, the Court need only apply the "the clearly erroneous, abuse of discretion and contrary to law standard of review" to this issue.   *Wilson*, 864 F.2d at 1221; *see* 28 U.S.C. § 636(b)(1).   Regardless, the result would be the same under either a clearly erroneous or a de novo review, and the Court finds that under either standard, the Magistrate Judge was correct.

As the Magistrate Judge properly concluded, MDOC is an arm of the State of Mississippi, and Humphrey's claims for monetary damages against its employees in their official capacities are plainly barred by the Eleventh Amendment.   *See, e.g., Williams v. Banks*, 956 F.3d 808, 810 (5th Cir. 2020) (holding claims against MDOC officials were barred by Mississippi's state sovereign immunity); *see also Hope v. Harris*, 861 F. App'x 571, 579 (5th Cir. 2021).

Under *Ex parte Young,* 209 U.S. 123 (1908), there is a narrow exception to Eleventh Amendment immunity "for suits for injunctive or declaratory relief against individual state officials acting in violation of federal law."   *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020) (quotation omitted). This exception "allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021). Determining whether the exception applies involves "a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Spec's Fam. Partners, Ltd.*, 972 F.3d at 680 (quoting *Va. Off. for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011)). "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim."   *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 451 (5th Cir. 2022) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002)).

Defendants maintain that "Plaintiff cannot show an ongoing violation of federal law on the part of any of the Defendants, thus *Ex Parte Young* is not

applicable."   Mem. [63] at 7.   Based upon the pleadings, however, the *Ex parte Young* exception appears to apply to Plaintiff's claims for prospective injunctive relief alleging a violation of federal law with respect to the remaining Eighth Amendment claim for understaffing.   *See, e.g.,* Compl. [1] at 3, 5 (claiming ongoing violations of the Eighth and Fourteenth Amendments to the United States Constitution; requesting injunctive relief including the placement of federal monitors in the facility, the investigation of the allegations, and the installation of security cameras; and incorporating by reference the request for relief he made in the rejected ARP attached to his Complaint); Ex. [1-2] at 3 (rejected ARP number SCMI-19-0604, which requested inter alia investigation of deficient staffing and the installation of security cameras); Order [42] at 6-7, 12-15 (adopting Magistrate Judge's Report and Recommendation [39], granting in part Plaintiff's Petition [36] for Injunctive Relief to the extent Plaintiff sought a *Spears* hearing, and denying it in part to the extent Plaintiff sought a preliminary injunction at that stage) (citing *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)); *see also, e.g., Walker v. Houston Cty. Jail*, No. 9:01-CV-277, 2002 WL 32075772, at *1 (E.D. Tex. Apr. 25, 2002) (recognizing that request for court-ordered federal monitors was a request for prospective injunctive relief).   Thus, the Court considers this claim on its merits. *See* Fed. R. Civ. P. 56.

To be entitled to permanent injunctive relief, a plaintiff must show: "(1) that it has succeeded on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public

16

interest." *Valentine*, 956 F.3d at 280.   Additionally, "a permanent injunction is appropriate only if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." *Id.* (quotation omitted).

Here, Humphrey has not shown that he can succeed on the merits of his Eighth Amendment claim.   *See id.*   Nor can he show that failure to grant an injunction will result in irreparable injury.   *See id.*   Humphrey does not claim that he has suffered any physical injuries; he only claims that he has experienced anxiety and is "having a hard time sleeping."   Tr. [62-1] at 13-14.   Humphrey's request for injunctive relief fails, and his claim against Hall in her official capacity concerning understaffing should be dismissed.

3.   <u>Humphrey's remaining individual capacity claim</u>

With respect to Humphrey's remaining claim against Hall in her individual capacity, that she was deliberately indifferent to his safety by failing to adequately staff SMCI, Hall asserts that she is entitled to qualified immunity.   *See* Mem. [63] at 7.

a.   <u>Relevant legal authority</u>

"A qualified immunity defense alters the usual summary judgment burden of proof," as "the plaintiff has the burden to negate the defense once it is properly raised."   *Kokesh v. Curlee*, 14 F.4th 382, 392 (5th Cir. 2021) (quotation omitted). "[T]o defeat a motion for summary judgment based on qualified immunity, the plaintiff must present evidence (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the

17

challenged conduct." *Timpa v. Dillard*, 20 F.4th 1020, 1029 (5th Cir. 2021).

The Eighth Amendment "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners," and "also imposes duties on these officials, who must provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."   *Id.* (quotation omitted).

When one prisoner suffers injury at the hands of another and asserts that officials failed to prevent harm in violation of the Eighth Amendment, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that officials exhibited "deliberate indifference to inmate health or safety."   *Farmer*, 511 U.S. at 834 (quotation omitted).   Deliberate indifference in this context means that "the official knows of and disregards an excessive risk to inmate health or safety."   *Id.* at 837.   According to the Supreme Court, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."   *Id.*

b.   Whether Plaintiff has presented evidence of a constitutional violation

Defendants first argue that Plaintiff's Eighth Amendment claims should be dismissed because he has suffered no physical injury and, therefore, cannot recover damages under the PLRA.   *See* Mem. [63] at 17-18 (citing 42 U.S.C. § 1997e(e)). However, the PLRA only bars a plaintiff from recovering *compensatory* damages for mental or emotional injury in the absence of physical injury.   *See Hutchins v.*

18

*McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).   The PLRA does not preclude a prisoner from recovering other types of damages for a constitutional violation, such as nominal or punitive damages, even when the prisoner is unable to show any physical injury.   *See id.*   Under those circumstances, the Fifth Circuit has held that it is error for a district court to dismiss a plaintiff's § 1983 claim in its entirety. *See id.*

Thus, the Court turns to Humphrey's Eighth Amendment conditions-of-confinement claim on its merits.   A supervisory official such as Hall may only be held liable if she is either personally involved in the constitutional deprivation, or if a sufficient causal connection exists between her wrongful conduct and the constitutional violation.   *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."   *Id.* (quotation omitted); *see also Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

A supervisor may also be liable if she acts with deliberate indifference in failing to promulgate a policy.   *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights."   *Id.*   Deliberate indifference is a "stringent standard of fault" and requires proof that the official "disregarded a known or obvious consequence of his action." *Id.* at 446-47.

A review of the record reveals insufficient evidence to support a jury finding that Hall's alleged policy, or her failure to promulgate such a policy, concerning understaffing was deliberately indifferent.   *See id.*   Plaintiff submits newspaper articles in support of his Motion [55] that tend to show that understaffing has been a known issue at SMCI, *see, e.g.,* Ex. [55-1] at 1-17, but he has presented no evidence from which a jury could conclude that Hall adopted a policy that resulted in understaffing, or that she failed to adopt a policy that could have alleviated understaffing and cured any Eighth Amendment violation.   Rather, Plaintiff appears to acknowledge that the ability to adequately staff SMCI was beyond Hall's control.   *See, e.g.,* Tr. [62-1] at 10.

For example, at his omnibus hearing held before the Magistrate Judge on December 2, 2020, Plaintiff explained why Hall was allegedly unable to adequately staff SMCI.   *See id.*   He testified that his claim against Hall was "dealing with, I guess, Ms. Hall not having enough funds or whatever it is to properly fund this place for officers, security cameras, and things of that nature, but that's putting us non-affiliated [to a gang] in a hard spot."   *Id.*   To the extent it constitutes competent summary judgment evidence, one article provided by Plaintiff states that "Hall said her department is doing all it can to hire officers," and "[u]ntil Mississippi raises the salaries of correctional officers, this problem will persist." Ex. [55-1] at 12.   According to this article, Hall asked the Mississippi Legislature to increase the starting pay for officers, but that effort failed.   *See id.* 5, 12. Another article indicated that SMCI had started a "correctional officer training program for potential recruits."   *Id.* at 2.

Plaintiff's evidence on this point cuts against his argument that Hall was deliberately indifferent to the risk of understaffing.   *See Porter*, 659 F.3d 446-47. For example, the Eleventh Circuit has held that "if the supervisory officials can show that they attempted to remedy the staffing problems at the [the prison] but were unable to do so because of lack of funds, then they can escape liability." *Greason v. Kemp*, 891 F.2d 829, 837 n.19 (11th Cir. 1990).

Also of persuasive value is the opinion of at least one district court in this Circuit, holding in the municipal liability context that "[m]ere understaffing, without more, is not proof of an official policy."   *Gagne v. City of Galveston*, 671 F. Supp. 1130, 1135 (S.D. Tex. 1987), *aff'd*, 851 F.2d 359 (5th Cir. 1988) (citing *Anderson v. City of Atlanta*, 778 F.2d 678, 687 (11th Cir. 1985)).   According to that court, "[i]t would become so only if more complete funding and staffing were possible, and that it was the deliberate intent of the policy making official not to adequately fund and staff the jail, having in mind a gross indifference to the medical needs of pretrial detainee."   *Id.*

Plaintiff has not directed the Court to any competent evidence tending to show that additional funding or staffing was possible, or that Hall deliberately disregarded the understaffing issue and exhibited deliberate indifference in making, or failing to make, a policy in that respect.   *See Porter*, 659 F.3d 446-47; *see also Greason*, 891 F.2d at 837 n.19; *Gagne*, 671 F. Supp. at 1135.   Because Humphrey has not shown a violation of his Eighth Amendment rights on this claim, summary judgment in Defendants' favor is appropriate, and this claim will be dismissed with prejudice.

C.     Humphrey's Motion [55] for Summary Judgment

Turning to Humphrey's Motion [55] for Summary Judgment, when a movant

bears the burden of proof on an issue, he must "establish beyond peradventure *all* of

the essential elements of the claim or defense to warrant judgment in his favor."

*Fontenot*, 780 F.2d at 1194 (emphasis in original); *see also Guzman*, 18 F.4th at 160.

For the reasons the Court has stated, Humphrey has not done so, and his Motion

[55] should be denied.

### III.   CONCLUSION

Following a de novo review of the record, Humphrey's Objection [72] should

be overruled, and the Magistrate Judge's Report and Recommendation [72] will be

adopted as modified herein.   Defendants' Motion [62] for Summary Judgment will

be granted, and Humphrey's Motion [55] for Summary Judgment will be denied.

Humphrey's claims against Hall in her official capacity for prospective injunctive

relief, and against Hall in her individual capacity that she was deliberately

indifferent to his safety by failing to adequately staff SMCI, will be dismissed with

prejudice.   Humphrey's official capacity claim against Hall for monetary damages

will be dismissed without prejudice on grounds of sovereign immunity, and his

remaining claims will be dismissed without prejudice for failure to exhaust.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Omar

Khayyam Humphrey's Objection [72] to the Report and Recommendation [71] of

United States Magistrate Judge Robert H. Walker is **OVERRULED**, and the

Report and Recommendation [71] of United States Magistrate Judge Robert H.

Walker, entered in this case on November 1, 2021, is **ADOPTED**, as modified

herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [62] for Summary Judgment is **GRANTED**, and that Plaintiff Omar Khayyam Humphrey's Motion [55] for Summary Judgment is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Omar Khayyam Humphrey's claims for monetary damages against Defendant Pelicia Hall in her official capacity are **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity; his claims for prospective injunctive relief against Defendant Pelicia Hall in her official capacity related to understaffing are **DISMISSED WITH PREJUDICE**; his claim against Defendant Pelicia Hall in her individual capacity that she was deliberately indifferent to his safety by failing to adequately staff SMCI is **DISMISSED WITH PREJUDICE**; and all of his remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2022.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE